THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In re Cedar Shakes and Shingles Antitrust Litigation*<br><br>This Document Relates to:<br>ALL CLASS ACTIONS | CASE NO.<br>2:19-cv-00288-MJP<br><br>**STIPULATION AND ORDER CONCERNING DEPOSITIONS** |

The parties in the above-captioned cases,[1] through their respective counsel of record, stipulate to the following protocol regarding depositions in the above-captioned matters and all other matters subsequently consolidated with them (collectively, the "Class Actions"), subject to approval by the Court. Nothing that occurred during the negotiation of this Stipulation and Order can be used to suggest a party's position on issues not included in the final version.

**1.     Counting of Depositions**

    (a)     <u>Depositions in the S&W Action and the Class Actions</u>:

        (i)     Plaintiffs in the Class Actions may attend, but not participate in,

---

[1] This Stipulation and Order Concerning Expert Discovery shall govern the parties in the above-captioned case whether they currently are involved or become so in the future, and any related actions that may later be consolidated with this case, including, but not limited to, the parties in the Direct Purchaser Action, the Reseller Action, and the End User Action.

depositions taken in *S&W Forest Products Ltd. v. Cedar Shake & Shingle Bureau et al.*, No. 2:19-cv-00202-MJP ("the S&W Action").

    (ii)    The depositions taken by the plaintiff in the S&W Action will not count against the plaintiffs' deposition limit in the Class Actions.

    (iii)    Counsel for the plaintiffs in the Class Actions are not permitted to ask questions or raise objections during depositions noticed by the parties in the S&W Action. Plaintiffs in the Class Actions preserve all objections to the testimony solicited in the S&W Action.

    (iv)    Notwithstanding the foregoing, the plaintiffs in the Class Actions may use the depositions taken in the S&W Action for any purpose whatsoever, including but not limited to impeachment during depositions in the Class Actions and as evidence at trial.

(b)    <u>Multiple Depositions</u> A witness may be deposed only once in these Actions unless any of the following apply:[2]

    (i)    The witness was first deposed in the S&W Action, in which case, that same witness may be deposed again in the Class Actions;

    (ii)    The witness properly revokes an earlier assertion of the Fifth Amendment;

    (iii)    The witness refuses to answer a question on privilege or other grounds and later withdraws the basis for refusing to answer, or the basis for refusing to answer is rejected by the Court;

    (iv)    The witness is both a fact witness and an expert witness, in which case that witness may be deposed separately as a fact and expert

---

[2] For purposes of clarity, an individual designated by a Party to testify on behalf of an organization under Rule 30(b)(6) is not a "witness" for purposes of the 30(b)(6) deposition and this subparagraph.

witness;

  (v) The witness is identified as both a party's expert and a Party's rebuttal expert, in which case that witness may be deposed separately as an expert witness and rebuttal expert witness, provided, however, that a party deposing a witness as a rebuttal expert shall endeavor in good faith to avoid unnecessary duplication of testimony already provided in an earlier expert deposition and, if a prior deposition has already been taken in respect of an expert report, any second deposition of such expert witness shall be limited to the matters set forth in the rebuttal expert report;

  (vi) the parties otherwise agree; or

  (vii) Upon order of the Court.

 (c) A party whose witness is being deposed may conduct a redirect examination of that witness. A party's redirect examination will not count against that party's deposition limit.

## 2. Noticing of Depositions

 (a) For all deposition notices they issue or receive in the S&W Action, Defendants in the Class Actions will serve a copy of the notice on counsel for Plaintiffs in the Class Actions on the business day following such issuance or receipt, or as soon thereafter as reasonably practical.

## 3. Procedures for 30(b)(6) Depositions

 (a) Where practicable, the receiving party of a notice of deposition pursuant to Rule 30(b)(6) shall identify the corporate representative(s) being offered to testify as a witness pursuant to Rule 30(b)(6) and the topics on which any such witness is being offered reasonably in advance of the deposition date.

 (b) Rule 30(b)(6) depositions need not be conducted on consecutive days unless

required by a witness's schedule.

4. **Non-Party Depositions**

(a) The parties are entitled to serve a reasonable number of subpoenas on non-parties. While there is no limit on the number of subpoenas under this Order, any party is free to raise the issue of such a limitation if it believes the number of non-party subpoenas or the breadth of discovery sought in those subpoenas do not comply with Rules 26(b)(1) or 45(d)(3) of the Federal Rules of Civil Procedure.

(b) Any subpoenas for deposition testimony from a non-party shall be served on the non-party as required by law, with copies served on all parties. The parties shall coordinate with each other and the non-party to schedule the deposition at a mutually convenient time. If the parties are unable to resolve any scheduling differences, they may submit their dispute to the Court for prompt resolution.

(c) Defendants will neither interfere with nor oppose non-parties employed by Canadian-domiciled members of the Cedar Shake and Shingle Bureau who are subpoenaed for deposition testimony from sitting for their depositions in Seattle, Washington.

(d) Non-party subpoenas shall be issued in good-faith and without intent to deprive the first-issuing party of its right to conduct a complete deposition. If both plaintiffs and defendants, whether individually or jointly, issue deposition subpoenas to the same non-party, the parties shall meet and confer to determine the amount of time each side reasonably requires for the deposition and attempt to allocate time accordingly. In the event that the amount of time required by the parties exceeds seven (7) hours, the parties shall attempt to reach agreement with the non-party on additional deposition

time. If the parties and the non-party cannot reach agreement, they shall promptly bring the matter to the Court for resolution.

**5. Scheduling of Party and Non-Party Depositions**

(a) The parties shall work cooperatively to ensure a fair and orderly process for the scheduling of depositions.

(b) Before issuing deposition notices, the parties shall meet and confer in an effort to schedule depositions at mutually convenient times and locations.

(c) Absent agreement between the noticing party and the witness or counsel for the witness or leave of the Court, depositions shall not be allowed on less than fourteen (14) days' notice.

(d) Unless otherwise agreed by the parties, counsel for the witness or the party employing the witness shall respond to a written request (which may be via electronic mail) for a deposition within five (5) business days with alternative dates on which that witness is available for deposition if the date proposed by the noticing party is not practicable.

(e) The parties shall meet and confer prior to issuing deposition notices and will make good faith efforts to schedule depositions on mutually agreeable dates subject to witness availability.

(f) Absent agreement of the parties or leave of the Court, no more than one (1) deposition of a witness for a particular party may be scheduled each day, and no more than two depositions taken by Plaintiffs and two depositions taken by Defendants may be scheduled on each day.

(g) Absent consent of all parties and the witness, no depositions may be scheduled on holidays or weekends.

6. **Depositions of Former Employees**

    (a) A Party who seeks to depose a witness who is a former employee of another party located within the United States will serve a written notification to counsel of record for that party of a request to depose that former employee.

    (b) Counsel for the party for which the witness is a former employee must confirm whether counsel will represent that former employee and whether counsel is authorized to accept service of a subpoena (or to waive service) on behalf of the former employee.

    (c) To the extent the witness is a former employee of any party and is not currently represented by counsel for that party, counsel for that party shall provide in response to a written request from the noticing party the date of departure and last known address of the former employee.

7. **Coordination Among Counsel**

    (a) In any deposition, each side should endeavor to limit the number of attorneys questioning each witness by conferring in advance of the deposition with the goal of limiting the primary questioner to one attorney per side. If more than one attorney per side is necessary to question a witness, no more than two attorneys per side will question the witness, except by agreement of the parties or by Court order on good cause shown.

    (b) Other attorneys who may wish to question a deponent should confer in advance to allocate among themselves the time permitted for the deposition.

8. **Objections**

    (a) The parties agree that objections shall be made in conformance with Federal Rule of Civil Procedure 30(c)(2).

    (b) The parties further agree that under Federal Rule of Civil Procedure 30(d)(1), objections are to be stated "concisely in a nonargumentative and

non-suggestive manner."

  (c) Any objection to the form of a question shall be deemed to have been made on behalf of all other similarly situated parties (*i.e.*, an objection by one Defendant will apply as to all Defendants) and need not be repeated by other counsel to preserve that objection on behalf of other parties. Counsel shall avoid repeating objections already preserved.

**9. Disputes During Depositions**

  (a) During depositions, disputes that arise that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require a rescheduling of the deposition, may be presented to the Court by telephone.

  (b) The presentation of the issue and any ruling will be transcribed as part of the deposition.

  (c) In the event that the Court is not available, the deposition shall continue with full reservation of rights on the issue; provided that the matter is promptly brought to the attention of the Court.

**10. Participation by Telephone**

  (a) To minimize travel and related costs, counsel may participate in any deposition by telephone.

  (b) Counsel intending to do so must notify counsel for the party that noticed the deposition and counsel for the witness at least one (1) business days before the date of the deposition.

  (c) Counsel noticing the deposition shall make arrangements so that a conference call line, and, if requested, a real-time video and text feed are reasonably available during the deposition.

  (d) Any party requesting real-time video, text feed, or conference call shall be

1. responsible for the cost of the additional services requested.

STIPULATION AND ORDER CONCERNING DEPOSITIONS
(2:19-CV-00288-MJP) - 8

Agreed this 29th Day of August, 2019.

**KELLER ROHRBACK L.L.P.**

By: */s/ Brian D. Clark* (with consent)
    Mark A. Griffin, WSBA #16296
    Raymond J. Farrow, WSBA #31782
    Karin B. Swope, WSBA #24015
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Phone: (206) 623-1900
    Fax: (206) 623-3384
    mgriffin@kellerrohrback.com
    rfarrow@kellerrohrback.com
    kswope@kellerrohrback.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (MN#0147758)
Elizabeth R. Odette (MN#0340698)
Brian D. Clark (MN#00390069)
Arielle S. Wagner (MN#00398332)
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com

*Co-Lead Counsel for the Proposed End User Plaintiff Classes*

**MCNAUL EBEL NAWROT & HELGREN PLLC**

By: */s/ Christopher J. Cormier* (w/ consent)
    Gregory J Hollon, WSBA #26311
    600 University Street, Suite 2700
    Seattle, WA 98101-3143
    Phone: (206) 467-1816
    Fax: (206) 624-5128
    ghollon@mcnaul.com

*Liaison Counsel for the Proposed Reseller Plaintiff Classes*

**TOUSLEY BRAIN STEPHENS**

By: */s/ Kim D. Stephens* (w/ consent)
    Kaleigh N.B. Powell, WSBA #52684
    Kim D. Stephens, WSBA #11984
    Jason Dennett, WSBA #30686
    Chase C. Alvord, WSBA #26080
    1700 Seventh Avenue, Suite 22200
    Seattle, WA 98101
    Phone: (206) 682-5600
    kpowell@tousley.com
    kstephens@tousley.com
    jdennett@tousley.com

**BURNS CHAREST LLP**
Christopher J Cormier
5290 Denver Tech Center Pkway, Suite 150
Greenwood Village, CO 80111
Phone: (720) 630-2092
ccormier@burnscharest.com

**BURNS CHAREST LLP**
Warren T. Burns
Spencer M Cox
William B. Thompson
900 Jackson Street, Suite 500
Dallas, TX 75202
Phone: (469) 904-4550
wburns@burnscharest.com
scox@burnscharest.com
wthompson@burnscharest.com

**BURNS CHAREST LLP**
Lydia A Wright
365 Canal Street, Suite 1170
New Orleans, LA 70130
Phone: (504) 799-2845
lwright@burnscharest.com

**STOLL STOLL BERNE LOKTING & SHLACHETER PC**
Keith Dubanevich
Keil M. Mueller
Lydia Anderson-Dana
209 SW Oak Street, Suite 500
Portland, OR 97204
Phone: (503) 227-1600
kdubanevich@stollberne.com
kmueller@stollberne.com
landersondana@stollberne.com

*Co-Lead Counsel for the Proposed Reseller Plaintiff Classes*

**HAUSFELD LLP**
Bonney Sweeney
Samantha Stein
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
bsweeney@hausfeld.com
sstein@hausfeld.com

**HAUSFELD LLP**
James J. Pizzirusso
Nathaniel C. Giddings
Paul Gallagher
1700 K Street NW, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
jpizzirusso@hausfeld.com
ngiddings@hausfeld.com
pgallagher@hausfeld.com

*Co-Lead Counsel for the Proposed Direct Purchaser Plaintiff Class*

STIPULATION AND ORDER CONCERNING DEPOSITIONS
(2:19-CV-00288-MJP) - 10

| | |
|---|---|
| **LANE POWELL PC**<br><br>By: _/s/ Joseph D. Adamson_<br>    Jessica Walder, WSBA #47676<br>    Larry Steven Gangnes, WSBA #8118<br>    Heidi Brooks Bradley, WSBA #35759<br>    Joseph Adamson, WSBA #54752<br>    1420 Fifth Avenue, Suite 4200<br>    Seattle, WA 98111-9402<br>    Phone: (206) 223-7035<br>    Fax: (206) 223-7107<br>    walderj@lanepowell.com<br>    gangnesl@lanepowell.com<br>    bradleyh@lanepowell.com<br>    adamsonj@lanepowell.com<br><br>*Attorneys for Cedar Shake & Shingle Bureau* | **STOKES LAWRENCE**<br><br>By: _/s/ Mathew L. Harrington_ (w/ consent)<br>    Mathew L. Harrington, WSBA #33276<br>    1420 Fifth Avenue, Suite 3000<br>    Seattle, WA 98101-2393<br>    Phone: (206) 626-6000<br>    MLH@stokeslaw.com<br><br>*Attorneys for Waldun Forest Products Ltd. and Waldun Forest Products Partnership d/b/a The Waldun Group* |
| **YARMUTH LLP**<br><br>By: _/s/ Molly A. Terwilliger_ (w/ consent)<br>    Elizabeth Simson Weinstein, WSBA #45763<br>    Molly A. Terwilliger, WSBA #28449<br>    1420 5TH Avenue, Suite 1400<br>    Seattle, WA 98101<br>    Phone: (206) 516-3800<br>    Fax: (206) 516-3888<br>    eweinstein@yarmuth.com<br>    mterwilliger@yarmuth.com<br><br>*Attorneys for Anbrook Industries Ltd.* | **HILLIS CLARK MARTIN & PETERSON**<br><br>By: _/s/ Jake Ewart_ (w/ consent)<br><br>    Laurie Lootens Chyz, WSBA #14297<br>    Jake Ewart, WSBA #38655<br>    Jessica C. Kerr, WSBA #49866<br>    999 Third Avenue, Suite 4600<br>    Seattle, WA 98104<br>    Phone: (206) 623-1745<br>    laurie.chyz@hcmp.com<br>    jake.ewart@hcmp.com<br>    jessica.kerr@hcmp.com<br><br>*Attorneys for G&R Cedar Ltd. and G&R Cedar (2009) Ltd.* |

**IT IS SO ORDERED.**

Dated: ___September 4_____, 2019.

*/s/ Marsha J. Pechman*
Marsha J. Pechman
United States Senior District Judge

STIPULATION AND ORDER CONCERNING DEPOSITIONS
(2:19-CV-00288-MJP) - 12