THE HONORABLE MARSHA J. PECHMAN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| *In re Cedar Shakes and Shingles Antitrust Litigation*<br><br>This Document Relates to:<br>ALL CLASS ACTIONS | CASE NO.<br>2:19-cv-00288-MJP<br><br>**STIPULATION AND ORDER CONCERNING EXPERT DISCOVERY** |

The parties in the above-captioned cases,[1] through their respective counsel of record, stipulate to the following regarding the scope of expert reports and discovery in the above-captioned matters and all other matters subsequently consolidated with them (collectively, the "Class Actions"), subject to approval by the Court.

1. This Stipulation and Order Concerning Expert Discovery ("Stipulation") does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or the timing of any deadlines set forth in any operative scheduling orders entered in this case.

2. To the extent that this Stipulation imposes limitations on discovery that would

---

[1] This Stipulation and Order Concerning Expert Discovery shall govern the parties in the above-captioned case whether they currently are involved or become so in the future, and any related actions that may later be consolidated with this case, including, but not limited to, the parties in the Direct Purchaser Action, the Reseller Action, and the End User Action.

STIPULATION AND ORDER
CONCERNING EXPERT DISCOVERY
(2:19-CV-00288-MJP) - 1

otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this Stipulation nor the parties' agreement to them shall be considered an admission by any party that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

3. The following types of information shall *not* be the subject of any form of discovery and the parties shall not be obligated to preserve such information in any form or include such information on any privilege log:

    (a) all written or oral communications in connection with this matter among and between the testifying expert and consultants, counsel, other experts for other parties in this matter, and/or staff or among any of these actors in connection with this matter, including, but not limited to:

        (i) counsel and the testifying expert and/or the expert's staff and/or supporting firms;

        (ii) counsel and any non-testifying expert consultant and/or the consultant's staff;

        (iii) the expert and other experts and/or other non-testifying expert consultants;

        (iv) experts and their staff and/or supporting firms;

        (v) non-testifying expert consultants and their staffs; and/or

        (vi) the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants;

    (b) all written or oral communications relating to the deposition of the expert;

    (c) all work performed by non-testifying consultants;

|   |   |   |
|---|---|---|
| 1 | (d) | all written or oral communications or other materials relating to interviews of or the potential retention of experts or consultants; |
| 3 | (e) | drafts of any of the following: |

          (i)    final reports,

          (ii)   written testimony,

          (iii)  affidavits,

          (iv)  declarations, or

          (v)   other written materials prepared in connection with this matter;

(f) preliminary or intermediate calculations, computations, or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert by consultants, counsel, other experts, and/or staff;

(g) any notes, analyses, comments, or other writings taken or prepared by or for a testifying expert in connection with this matter;

(h) budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations, except an expert may be asked reasonable questions regarding the compensation of the expert and his or her staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

4. The limitations contained in Paragraph 3 shall not apply to any communications, documents, data sets, data runs, calculations, computations, or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports.

5. In addition to what is required by Federal Rule of Civil Procedure 26, for each testifying expert designated by the parties, the designating party will, within three (3) business days of serving the corresponding expert report and/or expert declaration pursuant to Fed. R. Civ.

P. 26(a)(2)(B) or otherwise, produce:

    (a)    copies of the data, materials, and/or other information relied upon by the expert witness in forming the expert witness's opinions, including all raw and final electronic data sets and electronic data compilations in the form or format used for the expert's calculations;[2] provided, however, that data and materials produced previously in this action need not be re-produced, but may be identified by Bates number, and that data and materials publicly available online need not be produced, but may be identified by website, title, and date or a working URL;

    (b)    the input, programs, and output underlying all calculations relied upon informing the expert witness's opinions and/or needed to replicate or reproduce the expert's disclosed tables, figures, calculations, and reported results, including raw and final data sets generated by the expert;

    (c)    any information (including, but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the expert witness that is based on the output from any computer programs that are produced; and

    (d)    the expert witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the expert witness has testified as an expert at trial, hearing, or arbitration or by deposition, or in which the expert witness has submitted a report and identified by the party in that action as a testifying expert; and a statement of the hourly rate to be paid for the expert witness's

---

[2] "Data, materials, and/or other information relied upon" as used in this Paragraph 5(a) shall be deemed to include, but will not be limited to, underlying raw and final data, spreadsheets, computerized regression analysis and/or other underlying reports and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions.

time in the case.

6. The information required by Paragraph 5 above to be produced shall be produced electronically (via email or FTP site) where reasonably feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce computer software or instructions that are reasonably and commercially available (*e.g.*, Microsoft Word, Excel, STATA, SAS). Documents that are publicly available shall be identified by internet addresses where the materials can be accessed or obtained. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

7. Paragraph 6 above is not intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any hearing or trial. The admissibility of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules, unless otherwise provided by order of the Court.

8. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information relied on by the expert as outlined above, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

9. The parties agree to comply with this Stipulation pending the Court's approval.

Agreed this 29th Day of August, 2019.

**KELLER ROHRBACK L.L.P.**

By: */s/ Brian D. Clark* (with consent)
    Mark A. Griffin, WSBA #16296
    Raymond J. Farrow, WSBA #31782
    Karin B. Swope, WSBA #24015
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Phone: (206) 623-1900
    Fax: (206) 623-3384
    mgriffin@kellerrohrback.com
    rfarrow@kellerrohrback.com
    kswope@kellerrohrback.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (MN#0147758)
Elizabeth R. Odette (MN#0340698)
Brian D. Clark (MN#00390069)
Arielle S. Wagner (MN#00398332)
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com

*Co-Lead Counsel for the Proposed End User Plaintiff Classes*

| | |
|---|---|
| **MCNAUL EBEL NAWROT & HELGREN PLLC**<br><br>By: _/s/ Christopher J. Cormier_ (w/ consent)<br>   Gregory J Hollon, WSBA #26311<br>   600 University Street, Suite 2700<br>   Seattle, WA 98101-3143<br>   Phone: (206) 467-1816<br>   Fax: (206) 624-5128<br>   ghollon@mcnaul.com<br><br>*Liaison Counsel for the Proposed Reseller Plaintiff Classes*<br><br>**BURNS CHAREST LLP**<br>Christopher J Cormier<br>5290 Denver Tech Center Pkway, Suite 150<br>Greenwood Village, CO 80111<br>Phone: (720) 630-2092<br>ccormier@burnscharest.com<br><br>**BURNS CHAREST LLP**<br>Warren T. Burns<br>Spencer M Cox<br>William B. Thompson<br>900 Jackson Street, Suite 500<br>Dallas, TX 75202<br>Phone: (469) 904-4550<br>wburns@burnscharest.com<br>scox@burnscharest.com<br>wthompson@burnscharest.com<br><br>**BURNS CHAREST LLP**<br>Lydia A Wright<br>365 Canal Street, Suite 1170<br>New Orleans, LA 70130<br>Phone: (504) 799-2845<br>lwright@burnscharest.com<br><br>**STOLL STOLL BERNE LOKTING & SHLACHETER PC**<br>Keith Dubanevich<br>Keil M. Mueller<br>Lydia Anderson-Dana<br>209 SW Oak Street, Suite 500<br>Portland, OR 97204<br>Phone: (503) 227-1600<br>kdubanevich@stollberne.com<br>kmueller@stollberne.com<br>landersondana@stollberne.com<br><br>*Co-Lead Counsel for the Proposed Reseller* | **TOUSLEY BRAIN STEPHENS**<br><br>By: _/s/ Kim D. Stephens_ (w/ consent)<br>   Kaleigh N.B. Powell, WSBA #52684<br>   Kim D. Stephens, WSBA #11984<br>   Jason Dennett, WSBA #30686<br>   1700 Seventh Avenue, Suite 22200<br>   Seattle, WA 98101<br>   Phone: (206) 682-5600<br>   kpowell@tousley.com<br>   kstephens@tousley.com<br>   jdennett@tousley.com<br><br>**HAUSFELD LLP**<br>Bonney Sweeney<br>Samantha Stein<br>600 Montgomery Street, Suite3200<br>San Francisco, CA 94111<br>Phone: (415) 633-1908<br>bsweeney@hausfeld.com<br>sstein@hausfeld.com<br><br>**HAUSFELD LLP**<br>James J. Pizzirusso<br>Nathaniel C. Giddings<br>Paul Gallagher<br>1700 K Street NW, Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>jpizzirusso@hausfeld.com<br>ngiddings@hausfeld.com<br>pgallagher@hausfeld.com<br><br>*Co-Lead Counsel for the Proposed Direct Purchaser Plaintiff Class* |

STIPULATION AND ORDER
CONCERNING EXPERT DISCOVERY
(2:19-CV-00288-MJP) - 7

*Plaintiff Classes*

**LANE POWELL PC**

By: /s/ Joseph D. Adamson
    Jessica Walder, WSBA #47676
    Larry Steven Gangnes, WSBA #8118
    Heidi Brooks Bradley, WSBA #35759
    Joseph Adamson, WSBA #54752
    1420 Fifth Avenue, Suite 4200
    Seattle, WA 98111-9402
    Phone: (206) 223-7035
    Fax: (206) 223-7107
    walderj@lanepowell.com
    gangnesl@lanepowell.com
    bradleyh@lanepowell.com
    adamsonj@lanepowell.com

*Attorneys for Cedar Shake & Shingle Bureau*

**YARMUTH LLP**

By: /s/ Molly A. Terwilliger (w/ consent)
    Elizabeth Simson Weinstein, WSBA #45763
    Molly A. Terwilliger, WSBA #28449
    1420 5TH Avenue, Suite 1400
    Seattle, WA 98101
    Phone: (206) 516-3800
    Fax: (206) 516-3888
    eweinstein@yarmuth.com
    mterwilliger@yarmuth.com

*Attorneys for Anbrook Industries Ltd.*

**STOKES LAWRENCE**

By: /s/ Mathew L. Harrington (w/ consent)
    Mathew L. Harrington, WSBA #33276
    1420 Fifth Avenue, Suite 3000
    Seattle, WA 98101-2393
    Phone: (206) 626-6000
    MLH@stokeslaw.com

*Attorneys for Waldun Forest Products Ltd. and Waldun Forest Products Partnership d/b/a The Waldun Group*

**HILLIS CLARK MARTIN & PETERSON**

By: /s/ Jake Ewart (w/ consent)

    Laurie Lootens Chyz, WSBA #14297
    Jake Ewart, WSBA #38655
    Jessica C. Kerr, WSBA #49866
    999 Third Avenue, Suite 4600
    Seattle, WA 98104
    Phone: (206) 623-1745
    laurie.chyz@hcmp.com
    jake.ewart@hcmp.com
    jessica.kerr@hcmp.com

*Attorneys for G&R Cedar Ltd. and G&R Cedar (2009) Ltd.*

**IT IS SO ORDERED.**

Dated: ___September 4____, 2019.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

STIPULATION AND ORDER
CONCERNING EXPERT DISCOVERY
(2:19-CV-00288-MJP) - 9