THE HONORABLE MARSHA J. PECHMAN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| S&W FOREST PRODUCTS, LTD., a British Columbia corporation,<br><br>Plaintiff,<br><br>v.<br><br>CEDAR SHAKE & SHINGLE BUREAU, a Washington nonprofit corporation; WALDUN FOREST PRODUCTS LTD., a British Columbia corporation; and ANBROOK INDUSTRIES LTD., a British Columbia corporation,<br><br>Defendants. | CASE NO. 2:19-cv-00202-MJP<br><br>**STIPULATED CONFIDENTIALITY ORDER** |
| *In re Cedar Shakes and Shingle Antitrust Litigation*<br><br>This Document Relates to:<br><br>ALL CLASS ACTIONS | CASE NO. 2:19-cv-00288-MJP<br><br>**STIPULATED CONFIDENTIALITY ORDER** |

STIPULATED CONFIDENTIALITY ORDER
(2:19-CV-00202-MJP) - 1
(2:19-CV-00288-MJP)

The parties hereby stipulate to the following provisions regarding the treatment of confidential information or materials in this matter. This Order shall govern the parties in the above-captioned cases whether they currently are involved or become so in the future, and any other related actions presenting common questions of law or fact before this Court.

1. PURPOSES, SCOPE, AND LIMITATIONS

   (a) Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

   (b) The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file Confidential Material or Information under seal.

   (c) Nothing in this Order shall be construed to limit the use of any document at any trial or hearing in these actions provided that the parties take necessary advance precautions to avoid the public disclosure of Confidential Material or Information. A party that intends to present or that anticipates that another party may present Confidential Material or Information at a hearing or trial in these actions shall bring that issue to the Court's and parties' attention by motion sufficiently in advance of the proceeding without disclosing the Confidential Material or Information. The Court may thereafter make such orders as are necessary to govern the use of such documents at trial.

   (d) The parties in conducting discovery from third parties shall attach this Order to a copy of any subpoena or other discovery request. Third parties from whom discovery is requested are parties to this Order and are entitled to the protections of this Order in responding to such requests.

(e) This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

2. "CONFIDENTIAL" MATERIAL OR INFORMATION

   2.1 Generally

"Confidential" Material or Information is material or information related to the confidential conduct of any party and/or any party's board of directors, and shall include, by way of example and without limitation, the following documents and tangible things produced or otherwise exchanged:

   (a) customer lists or information;
   (b) financial, tax, and customs data;
   (c) information prohibited from disclosure by statute or contractual agreement;
   (d) information related to proprietary marketing, sales, product development, and other competitive strategy;
   (e) margin, cost, and pricing information;
   (f) proprietary information related to raw material procurement; and
   (g) other competitively sensitive data, the unprotected disclosure of which would enable the receiving party to obtain an undue competitive advantage over the disclosing party.

   2.2. "Attorneys' Eyes Only" Material or Information

   (a) The parties recognize that because this litigation involves claims among competitors arising from alleged anticompetitive activity, there is a high likelihood that discovery will include disclosure of certain documents and information that are highly competitively sensitive, the disclosure of which to an opposing party could cause the disclosing party substantial and irreparable harm.

   (b) The parties therefore agree that the "Attorneys' Eyes Only" designation may be

made over Confidential Material or Information, in the reasonable discretion of the disclosing party. Designation must be made at the time of production, as set forth in Part 5.2.

(c) As set forth in Part 4.2(b), the parties may preclude disclosure of Confidential Information or Material to the officers, directors, and employees (including in-house counsel) of the receiving party by designating such material as Attorneys' Eyes Only.

(d) The receiving party need not treat Confidential Information or Material as Attorneys' Eyes Only unless the disclosing party has made such a designation at the time of production.

3. SCOPE

The protections conferred by this agreement cover not only Confidential Material or Information (as defined above), but also (1) any information copied or extracted from Confidential Material or Information; (2) all copies, excerpts, summaries, or compilations of Confidential Material or Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material or Information.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL AND INFORMATION

4.1 Basic Principles.

(a) A receiving party may use Confidential Material or Information that is disclosed or produced by another party or by a non-party in connection with *S&W Forest Prods., Inc. v. Cedar Shake & Shingle Bureau, et al.*, or in *In re Cedar Shakes and Shingles Antitrust Litigation*, or any member action, only for prosecuting, defending, or attempting to settle *S&W Forest Prods., Inc. v. Cedar Shake & Shingle Bureau, et al.*, or *In re Cedar Shakes and Shingles Antitrust Litigation* or any member action, including any appeal thereof.

(b) Confidential Material or Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this agreement.

(c) Confidential Material or Information may be disclosed only to the categories of persons and under the conditions described in this agreement.

(d) To the extent any person is required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (*e.g.,* PDF) shall be treated as original signatures for purposes of this Order.

(e) Nothing in this Order shall prevent or prejudice any party designating materials as Confidential from using its own such designated documents for any purpose, including privately disclosing its own Confidential Material to others not mentioned in this Paragraph 4.2, and such private disclosure shall not waive the protections of this Order.

4.2 <u>Disclosure of "CONFIDENTIAL" Material or Information</u>. Unless otherwise ordered by the Court (including as specified in Paragraph 4.1) or permitted in writing by the designating party, a receiving party may disclose any Confidential Material or Information only to the following:

(a) Counsel. The receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Parties. The current officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the disclosing party produces a particular document or material on an Attorneys' Eyes Only basis, and the document or material is so designated by the disclosing party;

(c) Experts and Consultants. Experts, investigators, and consultants employed by the parties or counsel for the parties to assist in the preparation and trial of this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its Personnel. The Court, Court personnel, and Court

reporters and their staff;

(e) Court Reporters. Court reporters and recorders engaged for depositions who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) Contractors. Copy or imaging services retained by counsel to assist in the duplication of Confidential Material or Information who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material or Information to third parties and to immediately return all originals and copies of any Confidential Material or Information;

(g) Witnesses. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Witnesses shall not retain a copy of documents containing Confidential Material or Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, subject to the terms of this Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material or Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h) Author or Recipients. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) Identified Persons. Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Material or Information is relevant to events, transactions, discussions, communications or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced, and such person has completed

the certification contained in Attachment A to this Order; or

        (j)     Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

    4.3    <u>Filing Confidential Material or Information</u>.

        (a)     This Order does not, by itself, authorize the filing of any document under seal. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

        (b)     Before filing Confidential Material or Information or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

        (c)     During the meet and confer process, the designating party must identify the basis for sealing the specific Confidential Material or Information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

        (a)     Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those

parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

   (b)  The designation of a document as Confidential is a certification by an attorney that there is a good faith belief that the document contains Confidential Material or Information as defined in this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

   (c)  If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

 5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (*see*, *e.g.*, 5.2(a)(ii), *infra*), or as otherwise stipulated or ordered, any disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

   (a)  <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or, in the appropriate case, "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" to each page that contains Confidential Material or Information. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

     (i)  To the extent a document is produced in a form in which placing or

affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the document is not practicable, the producing party may designate the document as confidential by cover letter, slip sheet, production metadata, or by affixing a label to the production media containing the document.

(ii) The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying such marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

(iii) Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of documents designated as Confidential and do not otherwise disclose the substance of the Confidential Material or Information are not required to be marked.

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential. A party must make such a designation by serving a Notice of Designation to all parties of record and the court reporter for the deposition in question as to specific pages of the transcript that are designated as Confidential, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The court reporter shall provide a final copy of the transcript that reflects any designations of pages of

the transcript as Confidential Material or Information in the lower left-hand corner of each designated page. If a party or non-party desire to protect Confidential Material or Information at trial, the issue should be addressed during the pre-trial conference.

        (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Material or Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Material or Information.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>.

    (a) The parties must make every attempt to resolve any dispute regarding confidentiality designations without Court involvement.

    (b) In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated document, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days of the meet and confer.

    (c) Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge. As such, any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them in a manner that would reveal Confidential Material or Information.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

(a) If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Material or Information, that party must do all of the following:

(i) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(ii) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(iii) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

(b) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Material or Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Material or Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Material or Information by the other party to this case.

(c) A party has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

(a) If a receiving party learns that, by inadvertence or otherwise, it has disclosed

Confidential Material or Information to any person or in any circumstance not authorized under this agreement, the receiving party must within two (2) business days of learning of such disclosure do each of the following:

    (i)    notify in writing the designating party of the unauthorized disclosures;

    (ii)    use its best efforts to retrieve all unauthorized copies of the protected material;

    (iii)    inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and

    (iv)    request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Part D of the parties' Stipulation and Proposed Order Concerning Agreement Regarding Discovery of Electronically Stored Information.

10. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

    (a)    Within sixty (60) days after the termination of this action, including all appeals, each receiving party must return all Confidential Material or Information to the producing party, including all copies, extracts and summaries thereof or, in the alternative, destroy the Confidential Material or Information in accordance with appropriate methods.

    (b)    Notwithstanding the above requirements to return or destroy documents, counsel may retain (i) attorney work product, including an index that refers or relates to designated Confidential Material or Information so long as that work product does not duplicate verbatim

1 substantial portions of Confidential Material or Information, and (ii) one complete set of all
2 documents filed with the Court including those filed under seal. Any retained Confidential
3 Material or Information shall continue to be protected under this Order. An attorney may use his
4 or her work product in subsequent litigation, provided that its use does not disclose or use
5 Confidential Material or Information.

6      (c) Filings under seal shall be deleted from the ECF system only upon order of
7 the Court.

8      (d) The confidentiality obligations imposed by this agreement shall remain in
9 effect until a designating party agrees otherwise in writing or a court orders otherwise.

STIPULATED CONFIDENTIALITY ORDER
(2:19-CV-00202-MJP) - 14
(2:19-CV-00288-MJP)

Agreed this 29th Day of August, 2019.

**JAMESON BABBITT STITES & LOMBARD**

By: */s/ Eric J. Brickenstein* (w/ consent)
    Bruce P. Babbitt, WSBA #4830
    801 2nd Avenue, Suite 700
    Seattle, WA 98104-1515
    Phone: (206) 292-1994
    Fax: (206) 292-1995
    bbabbitt@jbsl.com

**HAGLUND KELLEY LLP**
Michael E. Haglund (Pro Hac Vice)
Michael K. Kelley (Pro Hac Vice)
Eric J. Brickenstein (Pro Hac Vice)
200 SW Market Street, Suite 1777
Portland, OR 97201
Phonne: (503) 225-0777
Fax: (503) 225-1257
mhaglund@hk-law.com
mkelley@hk-law.com
ebrickenstein@hk-law.com

*Attorneys for Plaintiff S&W Forest Products*

**MCNAUL EBEL NAWROT & HELGREN PLLC**

By: */s/ Christopher J. Cormier* (w/ consent)
    Gregory J Hollon, WSBA #26311
    600 University Street, Suite 2700
    Seattle, WA 98101-3143
    Phone: (206) 467-1816
    Fax: (206) 624-5128
    ghollon@mcnaul.com

*Liaison Counsel for the Proposed Reseller Plaintiff Classes*

**KELLER ROHRBACK L.L.P.**

By: */s/ Brian D. Clark* (with consent)
    Mark A. Griffin, WSBA #16296
    Raymond J. Farrow, WSBA #31782
    Karin B. Swope, WSBA #24015
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Phone: (206) 623-1900
    Fax: (206) 623-3384
    mgriffin@kellerrohrback.com
    rfarrow@kellerrohrback.com
    kswope@kellerrohrback.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (MN#0147758)
Elizabeth R. Odette (MN#0340698)
Brian D. Clark (MN#00390069)
Arielle S. Wagner (MN#00398332)
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com

*Co-Lead Counsel for the Proposed End User Plaintiff Classes*

**TOUSLEY BRAIN STEPHENS**

By: */s/ Kim D. Stephens* (w/ consent)
    Kaleigh N.B. Powell, WSBA #52684
    Kim D. Stephens, WSBA #11984
    Jason Dennett, WSBA #30686
    1700 Seventh Avenue, Suite 22200
    Seattle, WA 98101
    Phone: (206) 682-5600
    kpowell@tousley.com
    kstephens@tousley.com
    jdennett@tousley.com

| | | |
|---|---|---|
| 1 | **BURNS CHAREST LLP**<br>Christopher J Cormier<br>5290 Denver Tech Center Pkway, Suite 150<br>Greenwood Village, CO 80111<br>Phone: (720) 630-2092<br>ccormier@burnscharest.com | **HAUSFELD LLP**<br>Bonney Sweeney<br>Samantha Stein<br>600 Montgomery Street, Suite3200<br>San Francisco, CA 94111<br>Phone: (415) 633-1908<br>bsweeney@hausfeld.com<br>sstein@hausfeld.com |

BURNS CHAREST LLP
Christopher J Cormier
5290 Denver Tech Center Pkway, Suite 150
Greenwood Village, CO 80111
Phone: (720) 630-2092
ccormier@burnscharest.com

BURNS CHAREST LLP
Warren T. Burns
Spencer M Cox
William B. Thompson
900 Jackson Street, Suite 500
Dallas, TX 75202
Phone: (469) 904-4550
wburns@burnscharest.com
scox@burnscharest.com
wthompson@burnscharest.com

BURNS CHAREST LLP
Lydia A Wright
365 Canal Street, Suite 1170
New Orleans, LA 70130
Phone: (504) 799-2845
lwright@burnscharest.com

**STOLL STOLL BERNE LOKTING & SHLACHETER PC**
Keith Dubanevich
Keil M. Mueller
Lydia Anderson-Dana
209 SW Oak Street, Suite 500
Portland, OR 97204
Phone: (503) 227-1600
kdubanevich@stollberne.com
kmueller@stollberne.com
landersondana@stollberne.com

*Co-Lead Counsel for the Proposed Reseller Plaintiff Classes*

HAUSFELD LLP
Bonney Sweeney
Samantha Stein
600 Montgomery Street, Suite3200
San Francisco, CA 94111
Phone: (415) 633-1908
bsweeney@hausfeld.com
sstein@hausfeld.com

**HAUSFELD LLP**
James J. Pizzirusso
Nathaniel C. Giddings
Paul Gallagher
1700 K Street NW, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
jpizzirusso@hausfeld.com
ngiddings@hausfeld.com
pgallagher@hausfeld.com

*Co-Lead Counsel for the Proposed Direct Purchaser Plaintiff Class*

**LANE POWELL PC**

By: */s/ Joseph D. Adamson*
    Jessica Walder, WSBA #47676
    Larry Steven Gangnes, WSBA #8118
    Heidi Brooks Bradley, WSBA #35759
    Joseph Adamson, WSBA #54752
    1420 Fifth Avenue, Suite 4200
    Seattle, WA 98111-9402
    Phone: (206) 223-7035
    Fax: (206) 223-7107

**STOKES LAWRENCE**

By: */s/ Mathew L. Harrington* (w/ consent)
    Mathew L. Harrington, WSBA #33276
    1420 Fifth Avenue, Suite 3000
    Seattle, WA 98101-2393
    Phone: (206) 626-6000
    MLH@stokeslaw.com

*Attorneys for Waldun Forest Products Ltd.*

| | |
|---|---|
| walderj@lanepowell.com<br>gangnesl@lanepowell.com<br>bradleyh@lanepowell.com<br>adamsonj@lanepowell.com<br><br>*Attorneys for Cedar Shake & Shingle Bureau* | *and Waldun Forest Products Partnership d/b/a The Waldun Group* |
| **YARMUTH LLP**<br><br>By: __/s/ Molly A. Terwilliger_ (w/ consent)_<br>  Elizabeth Simson Weinstein, WSBA #45763<br>  Molly A. Terwilliger, WSBA #28449<br>  1420 5TH Avenue, Suite 1400<br>  Seattle, WA 98101<br>  Phone: (206) 516-3800<br>  Fax: (206) 516-3888<br>  eweinstein@yarmuth.com<br>  mterwilliger@yarmuth.com<br><br>*Attorneys for Anbrook Industries Ltd.* | **HILLIS CLARK MARTIN & PETERSON**<br><br>By: _/s/ Jake Ewart_ (w/ consent)_<br><br>  Laurie Lootens Chyz, WSBA #14297<br>  Jake Ewart, WSBA #38655<br>  Jessica C. Kerr, WSBA #49866<br>  999 Third Avenue, Suite 4600<br>  Seattle, WA 98104<br>  Phone: (206) 623-1745<br>  laurie.chyz@hcmp.com<br>  jake.ewart@hcmp.com<br>  jessica.kerr@hcmp.com<br><br>*Attorneys for G&R Cedar Ltd. and G&R Cedar (2009) Ltd.* |

STIPULATED CONFIDENTIALITY ORDER
(2:19-CV-00202-MJP) - 17
(2:19-CV-00288-MJP)

**IT IS SO ORDERED.**

Dated: ____September 4____, 2019.

*Marsha J. Pechman*
Marsha J. Pechman
United States Senior District Judge

STIPULATED CONFIDENTIALITY ORDER
(2:19-CV-00202-MJP) - 18
(2:19-CV-00288-MJP)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____, 2019 in the case of *In re Cedar Shakes and Shingles Antitrust Litigation*, Case No. 2:19-cv-00202-MJP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____