HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *IN RE CEDAR SHAKE & SHINGLE ANTITRUST LITIGATION*<br><br>This Document Relates to:<br><br>ALL CLASS ACTIONS | NO. 2:19-cv-00288-MJP<br><br>**UNOPPOSED MOTION AND ORDER GRANTING LETTER ROGATORY RE: DOCUMENT SUBPOENA TO INTERTEK TESTING SERVICES, NA LTD.**<br><br>NOTE ON MOTION CALENDAR: December 31, 2019 |

## I. UNOPPOSED MOTION

Pursuant to Federal Rule of Civil Procedure 28(b)(3) and 28 U.S.C. § 1781(b)(2), Class Plaintiffs move this Court for an Order issuing the attached Letter Rogatory to the appropriate authorities in British Columbia, Canada for documents from Intertek Testing Services, NA Ltd. ("Intertek"), the third-party inspector with which Defendant Cedar Shake and Shingle Bureau ("CSSB") has an inspection services agreement. Class Plaintiffs seek documents as described in the attached Exhibit A.

Courts have the inherent authority to issue Letters Rogatory and Letters of Request to Foreign nations, and may request that a foreign nation order a witness to provide testimony that

will aid in the resolution of a matter pending in the United States. *See United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971); *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). In addition, federal statutes provide for the issuance of Letters Rogatory by a federal court. Under Federal Rule of Civil Procedure 28(b)(1), a deposition may be taken in a foreign country pursuant to the issuance of a Letter Rogatory. Under 28 U.S.C. § 1781(b)(2), a tribunal in the United States may directly transmit a Letter Rogatory or request to a foreign or international tribunal. The British Columbia Evidence Act also provides that a court outside of Canada may serve Letters Rogatory upon a Canadian court. *See* British Columbia Evidence Act, R.S.B.C. 1996, C. 124 § 53.

On applications for the issuance of Letters Rogatory, the Court will not ordinarily weigh the evidence to be elicited, nor will the Court determine whether the witnesses will be able to provide the anticipated testimony. *B&L Drilling Electronics v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978). Rather, "good reason" must be shown for denying the issuance of a Letter Rogatory. *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968).

Here, Class Plaintiffs have been informed by Intertek that it will produce documents as sought in the attached Exhibit A only in response to a filed court Order. Thus, it is necessary to compel production of documents through a Letter Rogatory.

Class Plaintiffs seek documents from Defendant CSSB's sole inspection entity to provide further evidence to prove the allegations in their Second Amended Complaints. For example, Class Plaintiffs allege that Defendants have (and have wielded) the power to prevent the sale of cedar shakes and shingles ("CSS") made by CSSB member ("Member") mills by "red tagging" product—preventing its sale—until the product is re-graded or re-inspected by CSSB's auditor, Clay Walker, or Intertek acting under Clay Walker's supervision. *See, e.g.*,

Direct Purchaser Pls.' Second Am. Class Action Compl. ("DPP SAC"), ECF No. 53 ¶ 182. Class Plaintiffs thus seek documents related to, among other things, Intertek's role as the inspection agency for CSSB Members and any documents related to Intertek's "decision to 'red tag' any CSSB Member." *See* Ex. A. They also seek documents in Intertek's possession, custody, or control relating to "the probation, potential probation, termination or potential termination of a CSSB Member or Members from CSSB," and the "competitive conditions" for CSS. *Id.* Class Plaintiffs have volunteered to pay reasonable fees and judicial costs associated with the requested production of records. The Court does not adopt these allegations as findings of fact or law.

Defendants do not oppose the issuance of a Letter Rogatory compelling the documents identified in Exhibit A to the attached Letter Rogatory. Defendants' non-opposition is made without prejudice to its right to oppose the introduction of any documents or information obtained from Intertek based on any objection allowed by the Federal Rules of Civil Procedure or other applicable law. Defendants expressly reserve all evidentiary and trial objections. Defendants further reserve the right to obtain from Class Plaintiffs copies of all documents obtained from Intertek pursuant to the Letter Rogatory. Finally, Defendants contend that CSSB's agreement with Intertek does not prohibit Intertek from providing inspection services to manufacturers of CSS that are not Members of CSSB.

| | |
|---|---|
| Christopher J. Cormier<br>BURNS CHAREST LLP<br>5290 Denver Tech Center Pkway, #150<br>Greenwood Village, CO 80111<br>Telephone: (720) 630-2092<br>Email: ccormier@burnscharest.com | By:*s/ Kim D. Stephens*<br>Kim D. Stephens, WSBA #11984<br>Kaleigh N. Powell, WSBA #52684<br>Jason T. Dennett, WSBA #30686<br>Chase C. Alvord, WSBA #26080<br>TOUSLEY BRAIN STEPHENS PLLC<br>1700 Seventh Avenue, Suite 2200<br>Seattle, WA 98101<br>Telephone: (206) 682-5600<br>Facsimile: (206) 682-2992 |

| | |
|---|---|
| Warren T. Burns<br>Spencer M. Cox<br>William B. Thompson<br>BURNS CHAREST LLP<br>900 Jackson Street, Suite 500<br>Dallas, TX 75202<br>Telephone: (469) 904-4550<br>Email: wburns@burnscharest.com<br>      scox@burnscharest.com<br>      wthompson@burnscharest.com<br><br>Lydia A. Wright<br>BURNS CHAREST LLP<br>365 Canal Street, Suite 1170<br>New Orleans, LA 70130<br>Telephone: (504) 799-2845<br>Email: lwright@burnscharest.com<br><br>Keith Dubanevich<br>Keil M. Mueller<br>Lydia Anderson-Dana<br>STOLL BERNE<br>209 SW Oak Street, Suite 500<br>Portland, OR 97204<br>Telephone: (503) 227-1600<br>Email: kdubanevich@stollberne.com<br>      kmueller@stollberne.com<br>      landersondana@stollberne.com<br><br>*Co-Lead Counsel for the Proposed Reseller Plaintiff Classes*<br><br>Gregory J. Hollon, WSBA #26311<br>McNAUL EBEL NAWROT & HELGREN PLLC<br>600 University Street, Suite 2700<br>Seattle, WA 98101<br>Telephone: (206) 467-1816<br>Facsimile: (206) 624-5128<br>Email: ghollon@mcnaul.com<br><br>*Liaison Counsel for the Proposed Reseller Plaintiff Classes* | Email: kstephens@tousley.com<br>      jdennett@tousley.com<br>      kpowell@tousley.com<br>      calvord@tousley.com<br><br>Paul Gallagher (*admitted pro hac vice*)<br>James J. Pizzirusso (*admitted pro hac vice*)<br>Nathaniel C. Giddings (*admitted pro hac vice*)<br>HAUSFELD LLP<br>1700 K. St., NW, Suite 650<br>Washington, DC 20006<br>Telephone: 202-540-7200<br>Facsimile: 202-540-7201<br>Email: pgallagher@hausfeld.com<br>      jpizzirusso@hausfeld.com<br>      ngiddings@hausfeld.com<br><br>Bonny Sweeney (*admitted pro hac vice*)<br>Samantha Stein (*admitted pro hac vice*)<br>HAUSFELD LLP<br>600 Montgomery Street, Suite 3200<br>San Francisco, CA 94111<br>Telephone: 415-633-1908<br>Facsimile: 415-217-6813<br>Email: bsweeney@hausfeld.com<br>      sstein@hausfeld.com<br><br>*Co-Lead Counsel for the Proposed Direct Purchaser Class*<br><br>Larry D. Lahman (*admitted pro hac vice*)<br>Roger L. Ediger (*admitted pro hac vice*)<br>MITCHELL DeCLERCK<br>202 West Broadway Avenue<br>Enid, Oklahoma 73701<br>Tel.: 580-234-5144<br>Fax: 580-234-8890<br>Email: larry.lahman@sbcglobal.net<br>      rle@mdpllc.com | |

Mark Griffin, WSBA #1629
Raymond J. Farrow, WSBA #31782
Karin B. Swope, WSBA #24015
KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Email: mgriffin@kellerrohrback.com
 rfarrow@kellerrohrback.com
 kswope@kellerrohrback.com

Brian D. Clark
W. Joseph Bruckner
Elizabeth R. Odette
Arielle S. Wagner
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: wjbruckner@locklaw.com
 erodette@locklaw.com
 bdclark@locklaw.com
 aswagner@locklaw.com

*Co-Lead Counsel for the Proposed End User Plaintiff Classes*

## II. ORDER

Upon consideration of the pleadings, declarations, and orders filed to date in this case, the Court finds and orders as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

The Court, having reviewed the submitted material and relevant authority, and upon consideration of the pleadings, declarations, and orders filed to date in this case, and therefore being fully informed, GRANTS Class Plaintiffs' Unopposed Motion for Letter Rogatory Re:

Document Subpoena to Intertek Testing Services, NA Ltd., and will execute the Letter Rogatory without delay.

IT IS SO ORDERED.

DATED this _2nd_ day of _January_, 2020.

_____
Marsha J. Pechman
United States Senior District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED at Seattle, Washington, this 2nd day of January, 2020.

*s/ Kim D. Stephens*
Kim D. Stephens